PRATHER, Chief Justice,
for the Court:
¶ 1. This case arises from Ronald P. Creed’s complaint against Dr. William Bloom, Dr. Emanuel G. DeFraites, Jr., and Community Psychiatric Centers of Mississippi, Inc., d/b/a/ CPC Sand Hill Hospital (hereinafter CPC). Creed alleged that, while a patient at CPC, Dr. DeFraites prescribed him a neuroleptic drug, and, that, after his discharge from CPC, he was prescribed the same drug by Dr. DeFraites and Dr. Bloom. Creed also contended that the defendants failed to warn him of the drug’s side effects or to monitor his condition while using the drug. As a result, Creed asserted that he had tardive dyskinesia.
¶2. Both Creed and Dr. Bloom stated in depositions that Dr. Bloom had never met or treated Creed or prescribed medication for Creed. Creed also stated that he did not know Dr. Bloom. The only evidence that may have connected Dr. William Bloom and Creed was a “Tax Information Summary” (TIS) from a local drug store, which listed “Bloom, Will” as the doctor who prescribed the neuroleptic drug received by Creed on three occasions. Numerous other entries on the TIS listed Dr. DeFraites as the person who prescribed the same medication. The record contains no connection between Dr. Bloom and his co-defendants (including Dr. DeFraites). In addition, there is no evidence that the “Will Bloom” listed in the TIS is the appellee in this case or that he prescribed medication to the appellant.
¶ 3. The trial judge ruled that the TIS was inadmissible, and granted summary judgment in favor of Dr. Bloom. Creed appeals, and primarily argues the admissibility of the TIS. However, even assuming, arguendo, that the TIS is admissible, Creed has the burden of “producing supportive evidence of significant and probative value; this evidence must show that the defendant breached the established standard of care and that such breach was the proximate cause of [his] injury.” Palmer v. Anderson Infirmary Benevolent Ass’n, 656 So.2d 790, 794 (Miss.1995) (quoting Palmer v. Biloxi Regional Medical Center, Inc., 564 So.2d 1346, 1355 (Miss.1990)).
¶ 4. Creed has not presented any significant and probative evidence of his medical malpractice claim against Dr. Bloom. This is especially true, given the fact that both parties testified that Dr. Bloom never treated Creed or prescribed medication to Creed. Therefore, because there is no question of material fact, the summary judgment of the trial court in favor of the appellee is affirmed. Id.
¶ 5. JUDGMENT IS AFFIRMED.
SULLIVAN, P.J., and BANKS, JAMES L. ROBERTS, Jr., SMITH, MILLS and WALLER, JJ., concur.
McRAE, J., dissents with separate written opinion joined by PITTMAN, P.J.